IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIK GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | Case No. 4:25-CV-04252 |
| 2020 HARWIN 59 SHOPPING CENTERS, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, ERIK GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendant, 2020 HARWIN 59 SHOPPING CENTERS, LTD., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.  This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's 2020 HARWIN 59 SHOPPING CENTERS, LTD., failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.  Plaintiff ERIK GARCIA (hereinafter "Plaintiff") is and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3.  Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. In addition to being a customer of the public accommodation on the Property, Plaintiff is also an independent advocate for the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to demonstrate the plausibility of Plaintiff returning to the Property once the barriers to access identified in this Complaint are removed in order to strengthen the already existing standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property. ("Advocacy Purposes").

7. Defendant, 2020 HARWIN 59 SHOPPING CENTERS, LTD. (hereinafter "2020 HARWIN 59 SHOPPING CENTERS, LTD.") is a Texas limited company that transacts business in the State of Texas and within this judicial district.

8. Defendant, 2020 HARWIN 59 SHOPPING CENTERS, LTD., may be properly served with process via its registered agent for service, to wit: c/o Mohammed Aslam Sohani, Registered Agent, 5007 Meadow Landing Court, Sugar Land, TX 77479.

## FACTUAL ALLEGATIONS

9. On or about April 3, 2025, Plaintiff was a customer at "Smoke Kings," a vaporizer store located at 7250 Harwin Drive, Houston, TX 77036, referenced herein as "Smoke

Kings". *See* attached receipt as Exhibit 1. Also see a photograph documenting Plaintiff's visit to the Property. *See* Exhibit 2.

10. On June 24, 2025 Plaintiff again travelled to the Property and again was a customer of "Smoke Kings." *See* attached receipt as Exhibit 3. Also see a photograph documenting Plaintiff's visit to the Property. *See* Exhibit 4.

11. Defendant, 2020 HARWIN 59 SHOPPING CENTERS, LTD., is the owner or co-owner of the real property and improvements that Smoke Kings is situated upon and that is the subject of this action, referenced herein as the "Property."

12. Defendant, 2020 HARWIN 59 SHOPPING CENTERS, LTD., is responsible for complying with the ADA for both the exterior portions and interior portions of the Property. Even if there is a lease between Defendant, 2020 HARWIN 59 SHOPPING CENTERS, LTD., and a tenant allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and the tenant and does not abrogate the Defendant's requirement to comply with the ADA for the entire Property it owns, including the interior portions of the Property which are public accommodations.   *See* 28 CFR § 36.201(b).

13. Plaintiff's access to Smoke Kings and other businesses at the Property, located at 7250 Harwin Drive, Houston, TX  77036, Harris County Property Appraiser's property identification number 1022720000001 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

14. Plaintiff lives 3 miles from the Property.

15. Given the close vicinity of the Property to the Plaintiff's residence, Plaintiff often travels by the Property.

16. Plaintiff has visited the Property twice before as a customer and advocate for the disabled. Plaintiff intends to revisit the Property after the barriers to access detailed in this Complaint are removed and the Property is accessible again. The purpose of the revisit is to be a return customer of Smoke Kings, to determine if and when the Property is made accessible and to substantiate already existing standing for this lawsuit for Advocacy Purposes.

17. Plaintiff intends on revisiting the Property to purchase goods and/or services as a return customer as well as for Advocacy Purposes but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

18. Plaintiff travelled to the Property as a customer twice before as a customer, personally encountered many barriers to access the Property that are detailed in this Complaint, engaged many barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury if all the illegal barriers to access present at the Property identified in this Complaint are not removed.

19. Although Plaintiff may not have personally encountered each and every barrier to access identified in Plaintiff's Complaint, Plaintiff became aware of all identified barriers prior to filing the Complaint and because Plaintiff intends on revisiting the Property as a customer and advocate for the disabled within six months or sooner after the barriers to access are removed, it is likely that despite not actually encountering a particular barrier to access on one visit, Plaintiff may encounter a different barrier to access identified in the Complaint in a subsequent visit as,

for example, one accessible parking space may not be available and he would need to use an alternative accessible parking space in the future on his subsequent visit. As such, all barriers to access identified in the Complaint must be removed in order to ensure Plaintiff will not be exposed to barriers to access and legally protected injury.

20. Plaintiff's inability to fully access the Property and the stores in a safe manner and in a manner which inhibits the free and equal enjoyment of the goods and services offered at the Property, both now and into the foreseeable future, constitutes an injury in fact as recognized by Congress and is historically viewed by Federal Courts as an injury in fact.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

21. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

22. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

23. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

24. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

25. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

26. The Property is a public accommodation and service establishment.

27. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

28. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

29. The Property must be, but is not, in compliance with the ADA and ADAAG.

30. Plaintiff has attempted to, and has to the extent possible, accessed the Property in his capacity as a customer at the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31. Plaintiff intends to visit the Property again as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32. Defendant, 2020 HARWIN 59 SHOPPING CENTERS, LTD., has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42

U.S.C. § 12182(b)(2)(A)(iv).

33. Defendant, 2020 HARWIN 59 SHOPPING CENTERS, LTD., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, 2020 HARWIN 59 SHOPPING CENTERS, LTD., is compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

34. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

    i. In front of Golden Bank, the accessible parking space is missing an identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate an accessible parking space.

    ii. There is a policy of placing parking stops in the access aisles at the Property. Specifically, there is a parking stop located in the access aisle of the accessible parking space across the vehicular way from Golden Bank, which improperly encourages parking in the access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to leave a vehicle when parked in this accessible parking space as it is probable a vehicle may be parked in the access aisle due to the encouragement of parking there.

iii. Across the vehicular way from Golden Bank, the accessible parking space is not located on the shortest distance to the accessible route leading to the accessible entrances in violation of Section 208.3.1 of the 2010 ADAAG Standards. This barrier to access would make it difficult and dangerous for Plaintiff to access the units of the Property from these accessible parking spaces as the far location increases the likelihood of traversing into the vehicular way and getting struck by a vehicle or encountering a barrier to access which stops Plaintiff from accessing the public accommodations offered at the Property.

iv. The exterior access route ends at the mailboxes by Golden Bank. As a result, the Property lacks a single continuous accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access public features of the Property if parked in one Section of the Property which is disconnected from another due to this barrier.

v. Due to the barrier to access identified in (iv) above, the majority of the entrances to tenant spaces are not on an accessible route and therefore the Property is in violation of Section 206.4 of the 2010 ADAAG standards.

vi. The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards. There are 152 total parking spaces at the Property, which requires a minimum of six accessible parking spaces, but upon inspection there was only one marked accessible parking

        space This barrier to access would make it difficult for Plaintiff to locate an available accessible parking space as such a small number of accessible parking spaces in a large parking lot increases the likelihood of there not being an available accessible parking space.

vii. There are no accessible parking spaces on the Property that have a sign designating an accessible parking space as "Van Accessible" in violation of Section 208.2.4 of the 2010 ADAAG standards and Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate a van accessible parking space.

viii. Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**SMOKE KINGS RESTROOMS**

ix. The door to the restrooms has a maximum clear width below 32 (thirty-two) inches in violation of Section 404.2.3 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities as wheelchair typically has a clear width of between 30 and 32 inches and the wheelchair will not be able to fit through the doorway to access the restroom. In the case that the wheelchair may barely fit through, the tight doorway would likely injure Plaintiff's hands as they could get caught between the wheel and the doorway.

x. The door of the restroom stall lacks a clear minimum maneuvering clearance, due to the proximity of the door hardware within 18" of the adjacent wall, in violation of Section 404.2.4 of the 2010 ADAAG standards. This barrier to

    access would make it difficult for Plaintiff and/or any disabled individual to safely exit the restroom due to the fact individuals in wheelchairs have their feet sticking out in front of them and when there is inadequate clearance near the door (less than 18 inches), their protruding feet block their ability to reach the door hardware to open the door.

xi. The door hardware providing access to the restroom stall is missing in violation of Section 404.2.7 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

xii. Restrooms have a vanity sink with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom sink as Plaintiff is seated in a wheelchair and, when seated, Plaintiff's feet and legs protrude out in front. In order to properly utilize a sink, Plaintiff's legs must be able to be underneath the surface of the sink, but due to the improper configuration of the sink, there is no room underneath for Plaintiff's legs and feet.

xiii. The interior of the restroom stall has a clear turning space of less than 60 inches in diameter. As a result, the accessible toilet stall lacks the required size and turning clearance as required in Section 604.8.1.1 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff's wheelchair to fit into and maneuver within the toilet stall.

xiv. The required grab bars/handrails adjacent to the commode are missing and violate Section 604.5 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely transfer from the wheelchair to the toilet and back to the wheelchair.

xv. The door hardware providing access to the restrooms requires tight grasping and twisting of the wrist in violation of Section 404.2.7 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

xvi. The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

xvii. The door exiting the restroom lacks a clear minimum maneuvering clearance, due to the proximity of the door hardware within 18 inches to the adjacent stall door, in violation of Section 404.2.4 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely exit the restroom due to the fact individuals in wheelchairs have their feet sticking out in front of them and when there is inadequate clearance near the door (less than 18 inches), their protruding feet block their ability to reach the door hardware to open the door.

xviii. Due to an approximate 4-inch step up at the entrance to the restroom stall, the floor of the restroom has excessive vertical rise and is in violation of Section 303.2 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff and/or any disabled individual to safely

        utilize the restroom facilities.

xix.    Due to an approximate 4-inch step up at the entrance to the restroom stall, the Property lacks an accessible route connecting the exterior of the Property to all accessible elements and features inside the Property in violation of Section 206.2.4 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access public features of the Property due to the lack of a safe accessible route leading from the exterior to interior spaces inside the Property.

xx.    Due to an approximate 4-inch step up at the entrance to the restroom stall, the maneuvering clearance of the stall entrance is not level in violation of Section 404.2.4 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access public features of the Property since it is often necessary for individuals in wheelchairs to need to use their hands to both wheel through the doorway and keep the door open with another hand. When the maneuvering clearance is not level, this ordinarily difficult process is made even more difficult by the presence of an excessive vertical rise.

35.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

36.    Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

37.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

38. All of the violations alleged herein are readily achievable to modify to bring the Property into compliance with the ADA due to the fact the modifications necessary to cure the barriers to access identified in paragraph 34 of this Complaint are listed within 28 C.F.R. § 36.304 as readily achievable.

39. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

40. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendant, 2020 HARWIN 59 SHOPPING CENTERS, LTD., has the financial resources to make the necessary modifications as the appraised value of the Property is $6,681,369.00.

41. The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendant has available to it a $5,000.00 tax credit and up to a $15,000.00 tax deduction available from the IRS for spending money on accessibility modifications.

42. Upon information and good faith belief, the Property has been altered since 2010. Specifically, according to the Harris County Property Appraiser, the Property was remodeled in 2021. As such, the barriers to access identified in this Complaint shall be removed pursuant to the 2010 ADAAG standards.

43. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

44. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, 2020 HARWIN 59 SHOPPING CENTERS, LTD., is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

45. Plaintiff's requested relief serves the public interest.

46. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant, 2020 HARWIN 59 SHOPPING CENTERS, LTD.

47. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant, 2020 HARWIN 59 SHOPPING CENTERS, LTD., pursuant to 42 U.S.C. §§ 12188 and 12205.

48. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant, 2020 HARWIN 59 SHOPPING CENTERS, LTD., to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, 2020 HARWIN 59 SHOPPING CENTERS, LTD., in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant, 2020 HARWIN 59 SHOPPING CENTERS, LTD., from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendant, 2020 HARWIN 59 SHOPPING CENTERS, LTD., to (i) remove the physical barriers to access and (ii) alter the subject Property to make it readily accessible to and useable by

individuals with disabilities to the extent required by the ADA;

(d)   That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e)   That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: September 8, 2025.                    Respectfully submitted,

                                             Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com